IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,469-01 AND WR-69,469-02






EX PARTE JOE DAVIS MILLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W91-40014-I(A) AND W91-58331-I(A) IN THE CRIMINAL
DISTRICT COURT NO. 2FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
robbery and sentenced to twenty (20) years' imprisonment on each count. 

 Applicant contends inter alia that the Board of Pardons and Paroles revoked his parole
because he violated certain sex registration requirements. Applicant alleges that he should not have
been required to register as a sex offender as he has not been convicted of a reportable sex offense. 
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Office of General Counsel of the Texas Department of Criminal Justice to
obtain affidavits and documentation from the appropriate TDCJ officials concerning the merits of
Applicant's claims. Specifically, it is necessary to find out: (1) whether Applicant has any
reportable sex offense convictions as defined by Article 62.001(5) of the Texas Code of Criminal
Procedure; and, (2) whether Applicant's parole was revoked because he failed to comply with sex
registration requirements. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant has a reportable sex
offense conviction as defined by Article 62.001(5) of the Texas Code of Criminal Procedure. Also.
the trial judge shall make findings of facts was to whether Applicant's parole was revoked because
of violations of conditions relating to the sex offender registration requirements. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 19, 2008

Do not publish